GLENN W. PETERSON, ESQ. (SBN 126173)
**MILLSTONE PETERSON & WATTS, LLP**
*Attorneys at Law*
2267 Lava Ridge Court, Suite 210
Roseville, CA  95661
Phone: 916.780.8222
Fax:     916.780.8775

Attorneys for Defendants/Counterclaimants
Candice L. Stephenson and J. Wayne Strauch

UNITED STATES DISTRICT COURT

EASTERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN DURAND, an individual, MADELAINE DURAND, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CANDICE L. STEPHENSON; an individual; J. WAYNE STRAUCH, an individual; CANDICE L. STEPHENSON, Successor Co-Trustee of the "Marital Trust" under The "Trust Agreement and Declaration of Trust" and Co-Trustee of the Administrative Trust UTA; J. WAYNE STRAUCH, Successor Co-Trustee of the "Marital Trust" under the "Trust Agreement and Declaration of Trust" and Co-Trustee of the Administrative Trust UTA; Stonehouse Court Associates, LLC, a California Limited Liability Company; DOES 1 through 10, <br><br> Defendants. <br>_____<br> CANDICE L. STEPHENSON, an individual; J. WAYNE STRAUCH, an individual, <br><br> Counterclaimants, <br><br> vs. <br><br> EDWIN DURAND, an individual; MADELAINE DURAND, an individual; and ROES 1 through 10, inclusive, <br><br> Counterdefendants.<br>_____ | No.   2:09-CV-02038-JAM-KJM <br><br> **DEFENDANTS' NOTICE OF FILING JOINT STATUS REPORT** <br><br>——————————————<br><br> Conference Date:   December 16, 2009 <br><br> Location:   Courtroom 26 <br> Time:       10:00 a.m. <br>         Mag. Judge K. Mueller |



1

DEFENDANTS' NOTICE OF FILING JOINT STATUS REPORT

1  Defendants, Candice L. Stephenson and J. Wayne Strauch, by and through their undersigned
2  counsel, hereby advise the Court that the parties executed the attached Joint Status Report ("JSR")
3  on December 8, 2009. Defense counsel offered to file the attached JSR on behalf of all parties but
4  Plaintiffs declined. Defense counsel became aware today that Plaintiffs have not yet filed the JSR,
5  presumably due to holiday mailing delays. Therefore, defense counsel hereby notifies the Court that
6  a JSR was executed. A true copy is attached.

Respectfully submitted,

DATED: December 14, 2009.   **MILLSTONE PETERSON & WATTS, LLP**
*ATTORNEYS AT LAW*

By:   /s/ Glenn W. Peterson
           GLENN W. PETERSON

Attorneys for Defendants/Counterclaimants
Candice L. Stephenson and J. Wayne Strauch

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

**MILLSTONE PETERSON & WATTS, LLP**
*Attorneys at Law*
/s/ Glenn W. Peterson

---

2
DEFENDANTS' NOTICE OF FILING JOINT STATUS REPORT

1  Plaintiff EDWIN DURAND, In Pro Se
2  Plaintiff MADELAINE DURAND, In Pro Se
   205 Mogul Mountain Drive
3  Reno, Nevada 89523
   (775) 345-0141
4

5

6

7              THE UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10 EDWIN DURAND, an individual;              )   CASE NO. 2:09-CV-02038-JAM-KJM
   MADELAINE DURAND, an individual,          )
11                                           )
              Plaintiffs,                    )   JOINT STATUS REPORT
12                                           )
        vs.                                  )   [Fed.R.Civ.P. 26(f)]
13                                           )
   CANDICE L. STEPHENSON, an individual      )
14 J. WAYNE STRAUCH, an individual;          )
   CANDICE L. STEPHENSON, Successor          )
15 Co-Trustee of the "Marital Trust" under The )
   "Trust Agreement and Declaration of Trust" )
16 and Co-Trustee of the Administrative Trust )
   UTA; J. WAYNE STRAUCH, Successor          )
17 Co-Trustee of the "Marital Trust" under the )
   "Trust Agreement and Declaration of Trust" )
18 and Co-Trustee of the Administrative Trust )
   UTA; Stonehouse Court Associates, LLC., a )
19 California Limited Liability Company;     )
   DOES 1 through 10,                        )
20                                           )
                                             )
21            Defendants.                    )
                                             )
22 _____)
   CANDICE L. STEPHENSON, an individual;     )
23 J. WAYNE STRAUCH, an individual;          )
                                             )
24            Counterclaimants,              )
                                             )
25      vs.                                  )
                                             )
26 EDWIN DURAND, an individual;              )
   MADELAINE DURAND, an individual; and      )
27 DOES 1 through 10, inclusive,             )
                                             )
28            Counter-Defendants.            )

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiffs/Counter-Defendants Madelaine Durand and Edwin Durand and Defendants/Counterclaimants Candice L Stephenson and J. Wayne Strauch submit the following Rule 26(f) Report.

**A. Statement of the case.**

1. Plaintiffs owned the WABCO 1200 Articulated Loader that was being stored on private property located on Stonehouse Court, Roseville, California. Plaintiffs had an agreement with Marjorie Strauch, the owner of the property, to store the Loader at no charge. The Defendants are Marjorie Strauch's heirs. Marjorie Strauch was a gratuitous depositary and upon her death the Defendants Candice L. Stephenson and J. Wayne Strauch became gratuitous depositaries. On or about the end of April 2008, the Defendants without any notice to Plaintiffs, converted Plaintiffs' Loader for an unknown amount of money.

2. California Civil Code § 1847 states the duties of a gratuitous depositary cease upon reasonable notice given by the depositary to the owner to remove it, and the owner failing to do so within a reasonable time. Defendants made no attempt to contact Plaintiff before they converted the Loader, even though Plaintiffs' "For Sale" sign with their telephone number was attached to the Loader.

3. California Civil Code § 3336 states that the owner of the property is owed the full value of the property at the time of the conversion with interest or an amount sufficient to indemnify the injured party for the loss.

4. Defendants dispute the above contentions stating that Defendants had a right to assert a depositary's lien against the Loader pursuant to Civil Code § 1856, even though Civil Code § 1856 refers to a depositary for hire not a gratuitous depositary.

5. Defendants have alleged various affirmative defenses to Plaintiffs' conversion claim, including time bar, estoppel, unclean hands and various other equitable defenses. Additionally, Defendants assert various protections afforded by abandoned property laws, as well as rights of offset provided in California depositary/bailment statutes. Defendants further allege that Plaintiffs breached the underlying contract for purchase and delivery of the Loader, thus negating Plaintiffs' conversion claim.

6. Defendants have also alleged a counterclaim for declaratory relief, seeking adjudication of the controversy between Plaintiffs and Defendants with respect to ownership of the Loader. Defendants contend that ownership of the Loader was never transferred to Plaintiffs, either by operation of law or by agreement, because Plaintiffs failed to complete performance of the agreement, i.e., by taking possession of the Loader and removing it from the vacant field owned by Marjorie Strauch. Accordingly, Defendants seek to quiet title to the Loader and/or obtain a declaratory judgment sufficient to establish that Plaintiffs possess no ownership rights or other rights to possess the Loader.

7. Defendants further contend that Plaintiffs had abandoned the Loader.

8. Defendants' Counterclaim requests that the Court quiet title to the Loader and/or enter a declaratory judgment sufficient to establish that Plaintiffs possess no ownership rights or other rights to possess the Loader. Such a judicial declaration would provide a complete defense against the conversion claim.

9. Plaintiffs have alleged several affirmative defenses to Defendants Counterclaim including acquiescence, unclean hands, laches, unjust enrichment, illegality and other various equitable defenses

**B. Status of service.**

1. Plaintiffs have properly served Defendants Candice L. Stephenson as an individual, a Co-Trustee and the Resident Agent of Stonehouse Court Associates, LLC, and J. Wayne Strauch as an individual and a Co-Trustee, proof of which has been filed with this Court. Candice L. Stephenson and J. Wayne Strauch have answered the Complaint only in their individual capacities.

**C. Possible joinder of additional parties.**

1. Plaintiff is not presently aware of additional parties that will need to be joined.

2. Plaintiff is not presently contemplating amending its Complaint.

**D. The statutory basis for jursdiction and venue:**

1. The jurisdiction of this Court over the subject matter is predicated on 28 USC § 1332 and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Venue is proper in this Court in that all defendants are subject to personal jurisdiction in this district, a substantial part of the events occurred in this district and there is no district in which the action may otherwise be brought.

**E. Pre-Discovery Disclosures.**

1. The parties will exchange by December 30, 2009 the information required by Fed.R.Civ.P. 26(a)(1).

**F. Discovery Plan.**

1. Defendants' attorney has agreed that his clients will be available for depositions in early January, 2010 in Roseville, California. Plaintiffs anticipate propounding written

discovery to the Defendants including request for the production of documents, interrogatories, and request for admissions.

2. No discovery issues are in dispute at this time.

**G. Changes to Limitations on Discovery.**

1. Parties do not foresee that there is a need for any changes to the limitations on discovery as imposed by the Federal Rules of Civil Procedure and this Court's local rules, at this early stage. Plaintiffs reserve all rights to pursue orders on discovery as needed, prior to the discovery cut-off.

**H. Proposed Discovery Plan.**

<u>1. The Plaintiffs propose the following Discovery Plan.</u>

    a. All discovery should be completed by April 15, 2010. s

    b. Dispositive motions shall be heard no later than May 30, 2010.

    c. Pretrial Conference proposed date would be June 15, 2010.

    d. Trial date proposed for the end of June, 2010.

<u>2. The Defendants propose the following Discovery Plan.</u>

    a. All fact Discovery should be completed by May 31, 2010, including all discovery-related motions.

    <u>b. Expert Disclosures</u>

    c. Plaintiff will identify all expert witnesses that it will or may call at trial as to its respective claims and defenses and will submit reports from retained experts under Fed.R.Civ. 26(a)(2) no later than May 31, 2010.

    d. Defendant will identify expert witnesses that it will or may call at trial as to its respective claims and defenses and will submit reports from retained experts under Fed.R.Civ.P. 26(a)(2) no later than June 15, 2010.

    e. Expert discovery shall be completed by July 12, 2010.

    f. Dispositive motions shall be heard no later than August 31, 2010.

    g. Pretrial Conference proposed date would be in October, 2010.

    h. Trial date proposed in November, 2010.

3. The parties estimate that the trial will last 1 to 2 days. Both parties have demanded a trial by jury.

4. This case does not qualify as a complex case.

5. Settlement discussions have not been undertaken at this point, however Plaintiffs are willing to discuss settlement.

6. This case is not related to any other case.

Date: December 8, 2009

Respectfully Submitted,

By: _____
MADELAINE DURAND, In Pro Se

By: _____
EDWIN DURAND, In Pro Se

By: _____
GLENN W. PETERSON
Attorney for Defendants