IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN DURAND, et al.,

      Plaintiffs,                  No. CIV S-09-2038 JAM CKD PS

   vs.

CANDICE STEPHENSON, et al.,

      Defendants.            <u>ORDER</u>

_____/

      By mandate filed June 15, 2012, the judgment of the United States Court of Appeals for the Ninth Circuit took effect and this action was remanded for further proceedings. Upon review of the docket and good cause appearing, IT IS HEREBY ORDERED that:

      1. In light of the supplemental evidence submitted by plaintiffs in connection with the sanctions order, the November 16, 2010 order sanctioning plaintiffs in the amount of $10,056.20 (dkt. no. 51) is vacated. Defendant may file a response to plaintiff's motion for relief (dkt. no. 52) no later than August 6, 2012. The undersigned shall thereafter reconsider the issue of sanctions.

      2. The Final Pretrial Conference is set in courtroom no. 6 before the Honorable John A. Mendez on November 16, 2012 at 10:00 a.m.

/////

1

The parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. The parties are referred to Local Rules 281 and 282 relating to the contents of and time for filing Pretrial Statements. A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding the provisions of Local Rule 281, which contemplates the filing of separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a <u>JOINT STATEMENT</u> with respect to the undisputed facts and disputed factual issues of the case. The undisputed facts and disputed factual issues are to be set forth in two separate sections. The parties should identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issue. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise <u>issues</u> that will be litigated at trial. <u>The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.</u>[1] The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement. If the case is tried to a jury, the undisputed facts will be read to the jury.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall <u>not</u> be contained in the Pretrial Statement itself, but

---

[1] However, with respect to the listing of <u>un</u>disputed facts, the court will accept agreements as to evidentiary facts.

shall be attached as separate documents to be used as addenda to the Final Pretrial Order. Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically. The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

The parties are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. The parties must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

3. Trial is set for January 14, 2013 at 9:00 a.m. in courtroom no. 6 before the Honorable John A. Mendez. Trial will be by jury. The court expects the trial will take approximately four days.

Dated: June 28, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
durand.2038.appeal.rem