IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN DURAND, et al.,

    Plaintiffs,                  No. CIV S-09-2038 JAM CKD PS

    vs.

CANDICE STEPHENSON, et al.,

    Defendants.             ORDER

_____/

       By order filed September 29, 2010, the court determined that sanctions should be imposed on plaintiffs under Rule 11. That order did not make a determination of the amount of the sanctions, pending further briefing by the parties. Plaintiffs moved to reconsider and by order filed November 10, 2010, the district judge denied the motion to reconsider. Judgment was entered in this action on November 10, 2010 and an appeal was taken. An order was filed November 16, 2010 which set the amount of sanctions in the amount of $10,056.20. Dkt. no. 51. In remanding this matter to the District Court, the United States Court of Appeals for the Ninth Circuit noted that "the magistrate judge's post-judgment order setting the amount of sanctions is not a final order. See Estate of Conners by Meredith v. O'Connor, 6 F.3d 656, 658-59 (9th Cir. 1993) (explaining that 28 U.S.C. § 636(b)(1) does not permit issuance of a directly appealable final order, nor does it authorize entry of a post-

1

judgment order); Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc., 873 F.2d 1327, 1329 (9th Cir. 1989) (an order awarding sanctions is not appealable until the amount of sanctions is determined)." Dkt. no. 59 at p. 5. Accordingly, the November 16, 2010 order was vacated. Dkt. no. 62. The parties have now submitted further briefing on the issue of sanctions.

Plaintiffs assert that they do not have the ability to pay sanctions in the amount of $10,056.20. In support of this assertion, in the reply filed August 13, 2012, plaintiff Madelaine Durand declared under penalty of perjury that "the Durand does not have $10,056.20." Despite this declaration, the court notes that plaintiffs on August 16, 2012 filed an expert witness report in which the expert stated that he received mineral testing services from plaintiff Edwin Durand and a piece of equipment, which together were valued at $8,000, as payment for his expert witness fee. Dkt. no. 68. Plaintiffs have offered to submit evidence of their finances and will be afforded an opportunity to do so. See generally Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments (court may consider, among other factors, "what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case").

Accordingly, IT IS HEREBY ORDERED that:

1. No later than September 14, 2012, plaintiffs shall submit a declaration, signed under penalty of perjury by each plaintiff, setting forth the following information:

    a. Plaintiffs' monthly gross pay or wages.
    b. Other income in the past 12 months received from the following sources (for each category describe each source of money and state the amount received and the amount expected to be received in the future):
        i. business, profession, or other self-employment
        ii. rent payments, interest or dividends
        iii. pension, annuity, or life insurance payments
        iv. disability, or worker's compensation payments
        v. gifts, or inheritances
        vi. any other sources
    c. Amount of money in checking, savings, and retirement accounts.
    d. Items of value owned by plaintiffs, including automobiles, construction equipment or other heavy machinery, real estate, stocks, bonds,

    securities, trusts, jewelry, art work, or other financial instruments.
  e. Housing, transportation, utilities, loan payments or other regular monthly expenses.
  f. Names of all persons dependent on plaintiffs for support, relationship, and amount of contribution for support.
  g. Any debts or other financial obligations.
  h. All limited liability partnerships, corporations or other businesses owned by plaintiffs or in which plaintiffs are corporate officers.

2. The issue of the amount of sanctions to be imposed under Federal Rule of Civil Procedure 11 will thereafter stand submitted.

Dated: August 22, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
durand.2038.expaff

3