IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN DURAND, et al.,

    Plaintiffs,                  No. 2:09-cv-2038 JAM CKD PS

    vs.

CANDICE STEPHENSON, et al.,

    Defendants.            ORDER

_____/

        By order filed October 1, 2012, the court ordered plaintiffs to pay sanctions in the amount of $5,000. The court allowed plaintiffs to pay the sanctions in installments, with the first payment to be no later than October 31, 2012. Plaintiffs have not sought reconsideration by the District Judge of the October 1, 2012 order but have instead filed a petition for writ of mandamus with the United States Court of Appeals for the Ninth Circuit in which plaintiffs request that the October 1, 2012 order be vacated.[1] Plaintiffs now seek a stay by this court of the October 1, 2012 order pending resolution of the writ of mandate. See dkt. no. 73.

/////

---

[1] Although plaintiffs have submitted a copy of their petition along with their request for stay of the October 1, 2012 order, they have not provided the Ninth Circuit docket number for their petition.

1

It appears that plaintiffs are proceeding under the erroneous assumption that the undersigned ruled on plaintiffs' Rule 60(b) motion which was filed on November 30, 2010 after entry of judgment. See dkt. no. 52. That motion sought reconsideration of the magistrate judge's November 16, 2010 order, which was filed post-judgment. See dkt. no. 51. By order filed June 29, 2012, the November 16, 2010 order was vacated, thus mooting plaintiffs' request for reconsideration. See dkt. no. 62. In considering the amount of sanctions to be imposed under Rule 11, however, the court considered the entire record in this action, including plaintiffs' contentions and exhibits submitted in connection with the motion for reconsideration.

Although not briefed by plaintiffs, "[t]he factors the Court considers in determining whether a stay pending petition for writ of mandamus is warranted are the same as a stay pending appeal: (1) the likelihood that the party seeking the stay will prevail on the merits of the petition; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the Court grants the stay; and (4) the public interest in granting the stay." Citizens for Responsibility and Ethics in Washington v. Cheney, 580 F. Supp. 2d 168, 177 (D.D.C. 2008) (citing Cuomo v. U.S. Nuclear Regulatory Comm'n, 772 F.2d 972, 974 (D.C. Cir. 1985)). The court has considered these relevant factors and has determined that a stay is not warranted.

Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion for stay (dkt. no. 73) is denied.

Dated: October 29, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
durand.2038.stay