UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN DURAND, an individual; MADELAINE DURAND, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CANDICE L. STEPHENSON, J. WAYNE STRAUCH, et al.,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION. | Case No.S:09-CV-02038 JAM-CKD<br><br>**AMENDED PRETRIAL CONFERENCE ORDER** |

Pursuant to court order, a Pretrial Conference was held on November 16, 2012 before Judge John Mendez. Plaintiffs appeared In Pro Se; Glenn W. Peterson appeared as counsel for defendants. After hearing, the Court issued its Pretrial Conference Order. Both parties submitted objections to this Order. After considering these objections, the Court makes the following findings and orders:

### I. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1332, and has previously been found to be proper by order of this court, as has

venue. Those orders are confirmed.

## II. JURY/NON-JURY

Plaintiffs have demanded a jury trial.

## III. STATEMENT TO BE READ TO JURY

Seven (7) days prior to trial the parties shall E-file a joint statement of the case that may be read to the jury at the beginning of jury selection.

## IV. UNDISPUTED FACTS

The parties agree that the following facts are not in dispute, and they stipulate to these facts for purposes of trial.

1. Plaintiff Madelaine Durand is an individual who resides in Washoe County, Nevada.

2. Plaintiff Edwin Durand is an individual who resides in Washoe County, Nevada.

3. Defendant Candice L. Stephenson is an individual who resides in Placer County, California.

4. Defendant J. Wayne Strauch is an individual who resides in Marion County, Oregon and has extensive contacts within the State of California.

5. The subject Westinghouse Airbrake Company Articulated Loader model 1200 was located at 2024 Taylor Road, Roseville, California.

6. 2024 Taylor Road, Roseville, California is owned by Defendant J. Wayne Strauch.

7. On April 18, 2008 the Defendants J. Wayne Strauch and Candice Stephenson sold the subject Loader to Richard Van Tassel.

8. On April 18, 2008 Richard Van Tassel met Defendant Candice L. Stephenson at her home located at 111 Bonny Knoll Road,

1 Roseville, California and gave her a check in the amount of
2 $6,000.00 made out to the Strauch Administrative Trust, the
3 purchase price of the Loader.
4     9. The copy of the check from Richard Van Tassel to the
5 Strauch Administrative Trust for $6,000 dated April 18, 2008 is
6 deemed authentic.
7     10. Defendant Stephenson told CHP Investigating Officer Bruce
8 Ogden that the Loader had been sold for $6,000.
9     11. Stephenson admitted having a conversation with Mr. Durand
10 after the Loader was sold.
11     12. The Loader was moved off the property located at 2024
12 Taylor Road, Roseville, California in April 2008.
13     13. Defendant Strauch had a telephone conversation with Mr.
14 Durand after the Loader was removed from 2024 Taylor Road,
15 Roseville, California wherein Mr. Durand stated that he (Durand)
16 owned the Loader.
17     14. Both Candice L. Stephenson and J. Wayne Strauch are
18 Trustees on the Strauch Administrative Trust.
19     15. Before Marjorie Strauch died she was a Trustee on the
20 Strauch Administrative Trust.
21     16. Marjorie Strauch died on June 26, 1999.
22     17. Both Defendants Candice L. Stephenson and J. Wayne
23 Strauch are Marjorie Strauch's heirs.
24     18. Defendant Stephenson knew that her mother had sold the HD
25 41 dozer.
26     19. Defendant Stephenson's mother told her that she sold the
27 HD 41 dozer to a Mr. Brown.
28     20. Defendant J. Wayne Strauch knew that the HD 41 dozer had

3

been sold.

## V. DISPUTED FACTUAL ISSUES

The parties agree that the following factual issues are disputed:

1. Whether Durand owned the subject Loader at the time of the alleged conversion?

2. Whether Durand had the right to possession of the subject Loader at the time of the alleged conversion?

3. Whether the Defendants had the right to sell the Loader at the time of the alleged conversion?

4. Whether Durand had abandoned the Loader?

5. Whether Durand had a "For Sale" sign attached to the Loader?

6. The value of the Loader as of April 18, 2008, the time of the alleged conversion.

7. Whether the Durands are entitled to damages, and if so, the amount of such damages.

8. What was said, and by whom, during Stephenson's 2008 19 minute conversation with Mr. Durand.

9. Whether Mr. Durand had an oral agreement with Marjorie Strauch to store the Loader at no cost for an indefinite period of time on her property in Roseville.

10. Whether there is an original Bill of Sale between Francis Brown and Marjorie Strauch for the Loader, and, if so, what happened to this Bill of Sale?

11. What was said, and by whom, during Mr. Durand's telephone conversations with Marjorie Strauch on January 19, 1996, January 27, 1996 (two conversations), July 24, 2008, July 28, 2008, and

July 29, 2008.

## VI. DISPUTED EVIDENTIARY ISSUES

1. Durand anticipates hearsay objections to statements by Richard Van Tassel that the Defendants told him they knew the Loader had been sold but could not find the owner.

2. Should the Defendants include Mr. Rick Churches as a witness, Durand anticipates filing a motion in limine.

3. Strauch's statement that he knew his mother had sold the Loader is admitted pursuant to F.R.C.P. Rule 36(a)(3), but the statement is not admissible on grounds that it is confusing and incomplete.

4. Strauch's statement that he told Durand that the persons who had stolen his pumpkin patch equipment must have stolen the Loader is admitted pursuant to F.R.C.P. Rule 36(a)(3).

5. Defendants contend that item 2 may be resolved by a motion in limine. Defendants also anticipate challenging the admissibility of various documents proffered by plaintiffs. The objections will, in some instances, depend upon the purpose(s) for which plaintiffs offer the document(s).

6. Plaintiffs anticipate challenging the admissibility of various documents proffered by Defendants. Plaintiffs also anticipate filing several motions in limine including motions seeking to: (a) exclude Defendants' witnesses on various grounds; (b) exclude some of Defendants' affirmative defenses; (c) exclude Mr. Churches as a non-retained expert; and (d) exclude any evidence or argument by Defendants concerning the amount of the sale of the dozer to Mr. Churches.

///

VII. RELIEF SOUGHT

Durands seek money damages between $120,000 to $250,000, a fair compensation for the time and money properly expended in pursuit of the property, interest from the time of conversion and all costs allowed by law.

Defendants, by counterclaim, seek a declaratory judgment herein, quieting title to the subject personally, i.e., a decree that ownership of the Loader was never transferred to Plaintiffs, either by operation of law or by agreement, because, among other things, Plaintiffs failed to complete performance of the agreement, i.e., by taking possession of the Loader and removing it from the vacant field owned by Marjorie Strauch.  Accordingly, Defendants seek a declaratory judgment that Plaintiffs' recourse herein is limited as a matter of law and equity to return of the money deposited with the deceased Marjorie Strauch.

VIII. POINTS OF LAW

Trial briefs shall be E-filed with the court no later than seven (7) days prior to the date of trial, i.e., January 7, 2013. Any points of law not previously argued to the Court should be briefed in the trial briefs.

IX. ABANDONED ISSUES

The Durands' contend that their Complaint requesting damages in the amount of $600,000 was abandoned back in 2009 and that they are proceeding on the appraised valuation of their expert witness.

Defendants dispute any attempt to abandon the Noble Murray Appraisal and/or the damage claim in the amount of $600,000. Defendants intend to offer this appraisal, and Plaintiffs' representations to this Court that accompanied it, for multiple

6

purposes under Rules 403-404, 607-609, and 613 under the Federal Rules of Evidence.  Among other things, these statements are appropriately offered to the trier of fact for impeachment purposes, and/or to negate Plaintiffs' credibility as witnesses at trial.

## X. <u>WITNESSES</u>

Plaintiffs anticipate calling the following witnesses:

1. Madelaine Durand.
2. Edwin Durand.
3. Timothy Fadda.
4. Candice L. Stephenson by Deposition and Interrogatory.
5. J. Wayne Strauch by Deposition, Interrogatory, and Admissions.

Rebuttal witnesses:

1. Richard Van Tassel.
2. Kimberly Pilant.

Defendants anticipate calling the following witnesses:

1. Madelaine Durand.
2. Edwin Durand.
3. Candice Stephenson.
4. J. Wayne Strauch.
5. Rick Churches.
6. Ted Mitchell.
7. Jim Taylor.
8. Greg Reed.
9. David Willard.
10. James Dobbas

Each party may call a witness designated by the other.

1      A.   No other witnesses will be permitted to testify unless:
2           (1)  The party offering the witness demonstrates that the
3 witness is for the purpose of rebutting evidence which could not be
4 reasonably anticipated at the Pretrial Conference, or
5           (2)  The witness was discovered after the Pretrial
6 Conference and the proffering party makes the showing required in
7 "B" below.
8      B.   Upon the post-Pretrial discovery of witnesses, the
9 attorney shall promptly inform the court and opposing parties of
10 the existence of the unlisted witnesses so that the court may
11 consider at trial whether the witnesses shall be permitted to
12 testify.  The evidence will not be permitted unless:
13          (1)  The witnesses could not reasonably have been
14 discovered prior to Pretrial;
15          (2)  The court and opposing counsel were promptly
16 notified upon discovery of the witnesses;
17          (3)  If time permitted, counsel proffered the witnesses
18 for deposition;
19          (4)  If time did not permit, a reasonable summary of the
20 witnesses' testimony was provided opposing counsel.
21                XI. EXHIBITS, SCHEDULES AND SUMMARIES
22     Plaintiff intends to introduce the following exhibits:
23     1.   Pictures of the Loader.
24     2.   Bill of Sale of the Loader and Dozer between Francis
25 Brown and Eric Andersen.
26     3.   Bill of Sale of the Loader and Dozer between Andersen and
27 Durand.
28     4.   Telephone bill from February 1996.

1     5.    Telephone bill from August 2008.

2     6.    Telephone bill from September 2008.

3     7.    Telephone bill from October 2008.

4     8.    Time line of telephone calls 2008.

5     9.    Verification of telephone numbers for government agencies contacted 2008.

7     10.   Stolen Vehicle Report.

8     11.   Copy of CHP Officer Bruce Ogden's business card.

9     12.   Letter dated January 10, 2009 to Strauch and Stephenson including proofs of receipt.

11    13.   Letter dated February 2, 2009 to Strauch and Stephenson including proofs of receipt.

13    14.   Declaration of Candice Stephenson dated November 6, 2009.

14    15.   State of California Secretary of State certified document.

16    16.   Strauch's Resquest for Admissions mailed January 22, 2010 – never answered.

18    17.   Stephenson's Responses to Request for Admissions, Set No. One dated March 3, 2010.

20    18.   Stephenson's Responses to Interrogatories Set No. One dated March 3, 2010.

22    19.   Stephenson's Responses to Interrogatories Set No. One dated March 15, 2010.

24    20.   Stephenson's Responses to Interrogatories Set No. One dated April 17, 2010.

26    21.   Stephenson's Responses to Interrogatories Set No. Two dated May 5, 2010.

28    22.   Strauch's Responses to Interrogatories Set No. One dated

April 14, 2010.

23. Strauch's Responses to Interrogatories Set No. Two dated May 6, 2010.

24. Strauch's Deposition Transcript dated May 3, 2010.

25. Stephenson's Deposition Transcript dated March 15, 2010.

26. Declaration of Rick Churches dated May 12, 2010.

27. Letter from Francis Brown dated February 25, 1996.

28. Telephone bill from 2001 showing calls to Noble Murray.

29. Telephone bill from 2003 showing calls to Noble Murray.

30. Letter dated January 11, 2001 from Edwin Durand to Noble Murray.

31. Email dated February 7, 2001 from Murray to Durand.

32. Email dated December 31, 2000 from Murray to Durand.

33. Email dated February 8, 2001 from Durand to Murray cc Kimberly Pilant.

34. March 12, 2001 letter from Murray.

35. March 14, 2001 letter from the Governor of Montana to Durand.

36. Email from Gregg Hoss dated November 19, 2010 verifying 2001 dozernet listings and sales of comparables.

37. Hoss Equipment listings of comparables from 2001.

38. Miscellaneous listings of comparables from 2001.

39. Affidavit of Richard Van Tassel dated May 20, 2010.

40. Affidavit of Richard Van Tassel dated August 6, 2010.

41. Declaration of Timothy Fadda dated October 11, 2010.

42. Declaration of Timothy Fadda dated June 1, 2010.

43. Timothy Fadda's October 2007 letter.

44. Timothy Fadda's Expert Witness Report filed August 16,

2012.
    45.   Deed of Trust dated 12/28/1990.
    46.   Affidavit of Kimberly Pilant.
Defendant intends to introduce the following exhibits:
    A.   Heavy Equipment Appraisal – Appraiser Noble Murray – February 2006.
    B.   Plaintiffs' 2009 comparable listings.
    C.   Transcript of May 3, 2010 deposition of Edwin Durand.
    D.   Transcript of May 3, 2010 deposition of Madelaine Durand.
    E.   May 20, 2010 Affidavit of Richard Van Tassel.
    F.   June 4, 2010 Declaration of Edwin Durand.
    G.   June 4, 2010 Declaration of Madelaine Durand.
    H.   July 15, 2010 Order to Show Cause.
    I.   August 6, 2010 Plaintiffs' Authentication of Noble Murray Appraisal.
    J.   February 7, 2011 email allegedly between Noble Murray and Edwin Durand.
    K.   February 8, 2011 email allegedly between Edwin Durand and Noble Murray.
    L.   March 12, 2001 purported letter from Noble Murray to Edwin Durand.
    M.   Noble Murray handwriting exemplars from the Special Collections Department of the University of Nevada, Reno, Mathewson – IGT Knowledge Center.
    N.   2001 Hoss Equipment Listings.
    O.   Plaintiffs' 2001 comparable listings.
    P.   August 5, 2010 Affidavit of Kimberly Pilant.
    Q.   August 6, 2010 Affidavit of Richard Van Tassel.

11

1      R.    August 11, 2010 Declaration of Edwin and Madelaine Durand.

      S.    August 23, 2010 Order Re: In Camera Review.

      T.    Plaintiff's Request for Reconsideration dated October 13, 2010.

      U.    October 13, 2010 Declaration of Madelaine Durand.

      V.    June 1, 2010 Declaration of Timothy Fadda.

      W.    Expert Witness Report by Timothy Fadda dated August 15, 2010.

      X.    October 11, 2010 Declaration of Timothy Fadda.

      Y.    Plaintiff's responses to Defendant's Stephenson's Request for Production of Documents, Set No. One dated April 28, 2010.

      Z.    Plaintiff's responses to Defendant's Stephenson's Interrogatories, Set No. One dated April 28, 2010.

Each party may use an exhibit designated by the other.

      A.    No other exhibits will be permitted to be introduced unless:

          (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

          (2)    The exhibit was discovered after the Pretrial Conference and the proffering party makes the showing required in paragraph "B," below.

      B.    Upon the post-Pretrial discovery of exhibits, the attorneys shall promptly inform the court and opposing counsel of the existence of such exhibits so that the court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates:

1             (1)  The exhibits could not reasonably have been
2 discovered prior to Pretrial;
3             (2)  The court and counsel were promptly informed of
4 their existence;
5             (3)  Counsel forwarded a copy of the exhibit(s) (if
6 physically possible) to opposing counsel.  If the exhibit(s) may
7 not be copied, the proffering counsel must show that he has made
8 the exhibit(s) reasonably available for inspection by opposing
9 counsel.
10      As to each exhibit, each party is ordered to exchange copies
11 of the exhibit not later than January 2, 2013.  Each party is then
12 granted five (5) days to file and serve objections to any of the
13 exhibits.  In making the objection, the party is to set forth the
14 grounds for the objection.  The parties shall pre-mark their
15 respective exhibits in accord with the Court's Pretrial Order.
16 Exhibit stickers may be obtained through the Clerk's Office.  An
17 original and one (1) copy of the exhibits shall be presented to
18 Harry Vine, Deputy Courtroom Clerk, at 8:30 a.m. on the date set
19 for trial or at such earlier time as may be agreed upon.  Mr. Vine
20 can be contacted at (916) 930-4091 or via e-mail at:
21 hvine@caed.uscourts.gov.  As to each exhibit which is not objected
22 to, it shall be marked and may be received into evidence on motion
23 and will require no further foundation.  Each exhibit which is
24 objected to will be marked for identification only.
25                    XII. DISCOVERY DOCUMENTS
26      See Sections XVI C, XVI D and XVI E.
27                 XIII. FURTHER DISCOVERY OR MOTIONS
28      Pursuant to the court's Status Conference Order, all discovery

and law and motion was to have been conducted so as to be completed as of the date of the Pretrial Conference. That order is confirmed. The parties are free to do anything they desire pursuant to informal agreement. However, any such agreement will not be enforceable in this court.

## XIV. STIPULATIONS

None.

## XV. AMENDMENTS/DISMISSALS

None.

## XVI. FURTHER TRIAL PREPARATION

A. Counsel are directed to Local Rule 285 regarding the contents of trial briefs. Such briefs should be E-filed seven (7) days prior to trial, i.e., January 7, 2013.

B. Counsel are further directed to confer and to attempt to agree upon a joint set of jury instructions. The joint set of instructions shall be lodged via ECF with the court clerk seven (7) calendar days prior to the date of the trial, i.e., January 7, 2013, and shall be identified as the "Jury Instructions Without Objection." As to instructions as to which there is dispute the parties shall submit the instruction(s) via ECF as its package of proposed jury instructions three days before trial, i.e., January 11, 2013. This package of proposed instructions should not include the "Jury Instructions Without Objection" and should be clearly identified as "Disputed Objections" on the proposed instructions.

The parties shall e-mail a set of all proposed jury instructions in word or wpd format to the Court's Judicial Assistant, Jane Klingelhoets, at: jklingelhoets@caed.uscourts.gov.

C. It is the duty of counsel to ensure that any deposition

14

which is to be used at trial has been lodged with the Clerk of the Court pursuant to Local Rule 133(j).  The depositions shall be lodged with the court clerk seven (7) calendar days prior to the date of the trial.  Counsel are cautioned that a failure to discharge this duty may result in the court precluding use of the deposition or imposition of such other sanctions as the court deems appropriate.

     D.    The parties are ordered to E-file with the court and exchange between themselves not later than one (1) week before the trial a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

     E.    The parties are ordered to E-file with the court and exchange between themselves not later than one (1) week before trial the portions of Answers to Interrogatories or Requests for Admission which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

     F.    Each party may submit proposed voir dire questions the party would like the court to put to prospective jurors during jury selection.  Proposed voir dire should be submitted via ECF one (1) week prior to trial.

     G.    Each party may submit a proposed verdict form that the party would like the Court to use in this case.  Proposed verdict forms should be submitted via ECF one (1) week prior to trial.

     H.    In limine motions shall be E-filed separately at least ten (10) days prior to trial, i.e., January 4, 2013.  Opposition briefs shall be E-filed five (5) days prior to trial, i.e., January

9, 2013.  No reply briefs may be filed.

## XVII. SETTLEMENT NEGOTIATIONS

No further formal Settlement Conference will be set in this case.

## XVIII. AGREED STATEMENTS

See paragraph III, *supra*.

## XIX. SEPARATE TRIAL OF ISSUES

Defendants intend to argue by way of a motion in limine that certain of their affirmative defenses are triable only by the Court, sitting without a jury.  Specifically, Defendants' fourth and fifth affirmative defenses assert equitable defenses which Defendants will seek to have determined by the Court only.

## XX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Appointment by the Court of impartial expert witnesses and limitations on experts are not necessary.

## XXI. ATTORNEYS' FEES

Not applicable.

## XXII. MISCELLANEOUS

None.

## XXIII. ESTIMATE OF TRIAL TIME/TRIAL DATE

The parties estimate three (3) to four (4) court days for trial.  Trial will commence on January 14, 2013, at 9:00 a.m.

Counsel are to call Harry Vine, Courtroom Deputy, at (916) 930-4091, one week prior to trial to ascertain the status of the trial date.

IT IS SO ORDERED.

DATED: November 27, 2012.                    _____
                                             JOHN A. MENDEZ,
                                             UNITED STATES DISTRICT JUDGE