1

2

3

4

5

**FILED**

FEB 6 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   EDWIND DURAND, ET AL.,              No.   09-cv-02038 JAM-CKD

12              Plaintiffs,

13        v.                             **ORDER VACATING AND REVERSING
                                         MAGISTRATE JUDGE'S ORDER**
14   CANDICE STEPHENSON, ET AL.,         **SANCTIONING PLAINTIFFS**

15              Defendants.

16

17        This matter comes before the Court on a sua sponte

18   reconsideration of the order entered by the Magistrate Judge on

19   October 1, 2012, sanctioning Plaintiffs $5,000 to be paid to the

20   Clerk of Court in installments of $500 for ten months for

21   submitting the Murphy Appraisal to the Court (Doc. #72)("Sanction

22   Order").

23        Pursuant to the Local Rules, "The assigned Judge may also

24   reconsider any matter at any time sua sponte."  L.R. 303(g).

25   After reviewing the Sanction Order and all related documents, the

26   Court finds that there are no grounds for monetary sanctions

27   under Federal Rule of Civil Procedure 11.

28

                                   1

1                            I.    OPINION

2          Federal Rule of Civil Procedure 11 ("Rule 11") provides for

3   the imposition of sanctions when a filing is frivolous, legally

4   unreasonable, or without factual foundation, or is brought for an

5   improper purpose.  Fed. R. Civ. P. 11(b)(1)-(4).  The Ninth

6   Circuit has established "that sanctions must be imposed on the

7   signer of a paper if either a) the paper is filed for an improper

8   purpose, or b) the paper is 'frivolous.'"  Townsend v. Holman

9   Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990).  "Rule 11

10  was governed by a standard of willfulness and subjective bad

11  faith, while the amended Rule 11 utilizes a more stringent

12  standard of objective reasonableness."  Matter of Yagman, 796

13  F.2d 1165, 1185 opinion amended on denial of reh'g sub nom. In re

14  Yagman, 803 F.2d 1085 (9th Cir. 1986).  Moreover, "the Court must

15  take into account a plaintiff's pro se status when determining

16  whether to impose sanctions because what is objectively

17  reasonable for a pro se litigant and for an attorney may not be

18  the same."  Villa v. Heller, No. 10CV1885, 2011 WL 2216262, at

19  *11 (S.D. Cal. June 7, 2011) (citing Warren v. Guelker, 29 F.3d

20  1386, 1390 (9th Cir. 1994)).

21         Here, the Court finds that Plaintiffs' initial use of the

22  Murphy appraisal for purposes of attempting to establish

23  jurisdiction was not frivolous, done in bad faith or for an

24  improper purpose.  Plaintiffs have made clear that they did not

25  intentionally change the date in the appraisal but it was

26  accidently changed when they opened and updated the document for

27  other purposes.  Although an attorney might be expected to be

28  vigilant regarding unintentional changes to documents, it would

                                    2

1  be unreasonable to expect these pro se Plaintiffs under these

2  circumstances to be similarly aware when they are attempting to

3  file their case.  Further, Plaintiffs abandoned the use of the

4  appraisal once they realized it was outdated and therefore not

5  relevant to their conversion claim. While the Court recognizes

6  that Defendants contend that Plaintiffs intentionally falsified

7  the Murray appraisal and misled this Court, the voluminous

8  pleadings with respect to this dispute do not ultimately support

9  that conclusion or clearly demonstrate to this Court that Rule 11

10  sanctions are warranted.

11

12                          II.  ORDER

13       For the reasons set forth above, the Sanction Order is

14  vacated and reversed.  The Clerk of Court is ordered to return to

15  Plaintiffs any money already paid pursuant to the Sanction Order.

16       IT IS SO ORDERED.

17  Dated:  February 6, 2013

18                                    JOHN A. MENDEZ,
                                       UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

                              3