FILED

FEB 6 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIND DURAND, ET AL., | No. 09-cv-02038 JAM-CKD |
| Plaintiffs, | |
| v. | **ORDER VACATING AND REVERSING MAGISTRATE JUDGE'S ORDER SANCTIONING PLAINTIFFS** |
| CANDICE STEPHENSON, ET AL., | |
| Defendants. | |

This matter comes before the Court on a sua sponte reconsideration of the order entered by the Magistrate Judge on October 1, 2012, sanctioning Plaintiffs $5,000 to be paid to the Clerk of Court in installments of $500 for ten months for submitting the Murphy Appraisal to the Court (Doc. #72)("Sanction Order").

Pursuant to the Local Rules, "The assigned Judge may also reconsider any matter at any time sua sponte." L.R. 303(g). After reviewing the Sanction Order and all related documents, the Court finds that there are no grounds for monetary sanctions under Federal Rule of Civil Procedure 11.

1

I. OPINION

Federal Rule of Civil Procedure 11 ("Rule 11") provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose. Fed. R. Civ. P. 11(b)(1)-(4). The Ninth Circuit has established "that sanctions must be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'" Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990). "Rule 11 was governed by a standard of willfulness and subjective bad faith, while the amended Rule 11 utilizes a more stringent standard of objective reasonableness." Matter of Yagman, 796 F.2d 1165, 1185 opinion amended on denial of reh'g sub nom. In re Yagman, 803 F.2d 1085 (9th Cir. 1986). Moreover, "the Court must take into account a plaintiff's pro se status when determining whether to impose sanctions because what is objectively reasonable for a pro se litigant and for an attorney may not be the same." Villa v. Heller, No. 10CV1885, 2011 WL 2216262, at *11 (S.D. Cal. June 7, 2011) (citing Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994)).

Here, the Court finds that Plaintiffs' initial use of the Murphy appraisal for purposes of attempting to establish jurisdiction was not frivolous, done in bad faith or for an improper purpose. Plaintiffs have made clear that they did not intentionally change the date in the appraisal but it was accidently changed when they opened and updated the document for other purposes. Although an attorney might be expected to be vigilant regarding unintentional changes to documents, it would

1  be unreasonable to expect these pro se Plaintiffs under these
2  circumstances to be similarly aware when they are attempting to
3  file their case.  Further, Plaintiffs abandoned the use of the
4  appraisal once they realized it was outdated and therefore not
5  relevant to their conversion claim. While the Court recognizes
6  that Defendants contend that Plaintiffs intentionally falsified
7  the Murray appraisal and misled this Court, the voluminous
8  pleadings with respect to this dispute do not ultimately support
9  that conclusion or clearly demonstrate to this Court that Rule 11
10 sanctions are warranted.

## II.  ORDER

For the reasons set forth above, the Sanction Order is vacated and reversed.  The Clerk of Court is ordered to return to Plaintiffs any money already paid pursuant to the Sanction Order.

IT IS SO ORDERED.

Dated:    February 6, 2013

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE