UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| EDWIND DURAND, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>CANDICE L. STEPHENSON, et al.,<br><br>          Defendants. | No.  09-cv-02038 JAM-CKD<br><br>**ORDER SUSTAINING DEFENDANTS' OBJECTIONS TO PLAINTIFFS' BILL OF COSTS** |
|---|---|

     This matter is before the Court on Plaintiffs Edwin Durand and Madelaine Durand's (collectively "Plaintiffs") Bill of Costs (Doc. #143).  Defendants Candice L. Stephenson and J. Wayne Strauch (collectively "Defendants") filed objections to Plaintiffs' bill of costs (Doc. #144) and Plaintiffs replied (Doc. #147)[1]  For the following reasons, the Court sustains Defendants' objections to Plaintiffs' bill of costs.

///

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 1, 2013.

1

# I. BACKGROUND

The facts are well known to the parties and therefore the following is only a brief summary. At trial, the jury found that in favor of Plaintiffs and awarded them $6,000 in damages. Jury Verdict, Doc. #139, at 1-3.

After judgment was entered, Plaintiffs submitted their bill of costs requesting $7,257.31 in costs (Doc. #143). On February 26, 2013, Defendants filed objections to the bill of costs (Doc. #144). On March 6, 2013, Plaintiffs filed a reply (Doc. #147).

# II. OPINION

## A. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows why costs should not be awarded. Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572, 591-92 (9th Cir. 2000) (en banc).

If the court declines to award costs, it must "specify reasons" for denying costs. Id. (citing Subscription Television, Inc. v. Southern Cal. Theater Owners Ass'n, 576 F.2d 230, 234 (9th Cir. 1978)). However, it need not specify reasons for its decision to abide by the presumption and tax costs to the losing party. Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th

1 Cir. 2003) (citing Ass'n of Mexican-Am. Educators, 231 F.3d at
2 592-93).
3     B.   Discussion
4         1.   Defendants' Untimely Objections
5     Plaintiffs argue that the Court should not consider
6 Defendants' objections because they were filed one day after the
7 deadline set by the local rules.
8     Local Rule 292(c) provides, "The party against whom costs
9 are claimed may, within seven (7) days from date of service, file
10 specific objections to claimed items with a statement of grounds
11 for objection."  L.R. 292(c).
12     Here, Plaintiffs, according to the Certificate of Service,
13 served Defendants on February 15, 2013 (Doc. #143).  Adding three
14 days pursuant to Federal Rule of Civil Procedure 6(e), the last
15 day Defendants could file objections was February 25, 2013.  See
16 Fed. R. Civ. P. 6(e).  Defendants filed on February 26, 2013
17 (Doc. #144).
18     Although Defendants did not seek an extension of time within
19 the original time period and have not filed a motion seeking
20 relief from the time requirement because of excusable neglect,
21 the Court nonetheless concludes that Defendants' failure was due
22 to excusable neglect.  Based on the receipt provided by
23 Plaintiffs, Defendants were not scheduled to receive the bill of
24 costs until February 19, 2013, and the Court did not receive the
25 bill of costs until February 19, 2013—four days after the date
26 of service.  See Bill of Costs, Doc. # 143; Exhibit 1, Attached
27 to Reply, at 1.  Therefore, the statutory three-day extension for
28 mail service was not sufficient in this case.  Additionally,

under the Local Rules, service through electronic filing is the date the document is filed with the system, which appears as February 19, 2013, in this case. See L.R. 135(a)-(b). Consequently, under the electronic filing system, the objections would have been timely filed within the seven-day period. The electronic filing service does not apply in this case because Plaintiffs are pro se; however, the Court finds that under these circumstances, confusing the more common electronic filing service procedure with the conventional service procedure is excusable neglect. Finally, there is no evidence that the Plaintiffs have suffered any prejudice due to the late filing.

Accordingly, the Court rejects Plaintiffs' argument that it should not consider Defendants' objections and will instead address the objections on the merits.[2]

2.   Defendants' Objections to the Bill of Costs

Defendants' objections apply generally to Plaintiffs' entitlement to costs as well as to particular categories of claimed costs. The Court addresses Defendants' one general objection but finds that it need not address the objections to specific categories.

Defendants argue that Plaintiffs should be denied costs altogether pursuant to 28 U.S.C. § 1332(b). Opp. at 2. In their reply, Plaintiffs do not address Defendants' § 1332(b) argument.

---

[2] Moreover, it is in the interest of judicial economy to address Defendants' objections. If the Court rejects Defendants' objections for being untimely and taxes the costs, Defendants may, within seven days after notice of taxing the costs has been served, seek review of the taxed costs. See L.R. 292(e). Therefore, denying Defendants' objections as untimely, merely delays the Court's determination.

4

1    Under § 1332(b), in cases based on diversity jurisdiction,
2 "where the plaintiff who files the case originally in the Federal
3 courts is finally adjudged to be entitled to recover less than
4 the sum or value of $75,000, . . . the district court may deny
5 costs to the plaintiff and, in addition, may impose costs on the
6 plaintiff."  28 U.S.C. § 1332(b); Berkla v. Corel Corp., 302 F.3d
7 909, 921 (9th Cir. 2002) (holding that § 1332(b) only applies in
8 diversity jurisdiction cases).
9    The case law interpreting § 1332(b) is limited and neither
10 party has provided any cases; however, the Court finds Jordan F.
11 Miller Corp. v. Mid-Continent Aircraft Serv., Inc.("Miller"), 173
12 F.3d 863, 1999 WL 164955, at *3 (10th Cir. 1999), and Collazo-
13 Santiago v. Toyota Motor Corp., 957 F. Supp. 349, 359 (D.P.R.
14 1997), persuasive.  In Miller, the Tenth Circuit affirmed the
15 district court's denial of costs to a successful plaintiff who
16 received a net judgment of $29,590.73 because § 1332(b) "focuses
17 on the plaintiff's ultimate recovery, not its potential damages,"
18 and the plain language of the statute "does not limit its
19 application to instances in which plaintiffs deliberately inflate
20 their claims."  Miller, 1999 WL 164955, at *3.  Similarly, in
21 Collazo-Santiago, the court denied costs to a successful
22 plaintiff in a products liability case who received $30,000 in
23 damages even though the plaintiff litigated in good faith because
24 "the case involved relatively minor injuries, that the jury's
25 award was barely more than half of the minimum jurisdictional
26 amount [$50,000 at the time], and that even this award was
27 further reduced . . . ."  957 F. Supp. at 359.
28    Therefore, as the courts in Collazo-Santiago and Miller make

5

clear, § 1332(b) gives courts discretion to deny costs when plaintiffs recover less than the jurisdictional amount even if they litigated in good faith and had sufficient potential damages to satisfy the diversity jurisdiction requirements.  See 28 U.S.C 1332(a)("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."); see also Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 362 (noting the "strange result that while respondent has met the requirements of § 1332(a), [ ] under § 1332(b) it will be liable for costs for failing to meet the same requirements") (Clark, J. dissenting).

   In this case, the Court found, over Defendants' objection, that Plaintiffs had potential damages over the jurisdictional minimum thereby satisfying the diversity jurisdiction requirements.  Moreover, Plaintiffs, despite Defendants' contentions, have litigated in good faith.  However, Plaintiffs recovered only $6,000 in damages well under the $75,000 jurisdictional amount and far less than the amount recovered by the plaintiffs in Collazo-Santiago and Miller.  Because Plaintiffs recovered less than ten percent of the jurisdictional amount, the Court finds that any award of costs to Plaintiffs would be inequitable.

Accordingly, the Court concludes that each party should bear their own costs. Consequently, the Court need not address Defendants' specific objections to Plaintiffs' costs.

### III. ORDER

For the reasons set forth above, the Court sustains Defendants' objections and denies Plaintiffs' costs.

IT IS SO ORDERED.

Dated: May 17, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE