1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   EDWIND DURAND, et al.,            No.  09-cv-02038 JAM-CKD

12            Plaintiffs,

13       v.                            **ORDER DENYING PLAINTIFFS' MOTION
                                       FOR A NEW TRIAL AND ORDER**
14   CANDICE STEPHENSON, et al.,       **GRANTING PLAINTIFFS' MOTION TO
                                       AMEND THE JUDGMENT IN PART AND**
15            Defendants.              **DENYING IN PART.**

16

17       This matter is before the Court on Plaintiffs Edwin Durand

18   and Madelaine Durand's (collectively "Plaintiffs") Motion to

19   Amend the Judgment (Doc. #148) and Motion for New Trial (Doc.

20   #149).  Defendants Candice L. Stephenson and J. Wayne Strauch

21   (collectively "Defendants") oppose the motion for a new trial

22   and partially oppose the motion to amend the judgment (Doc.

23   #151).  Plaintiffs replied (Doc. #154).[1]  For the following

24   reasons, Plaintiffs' motion for a new trial is DENIED and

25   Plaintiffs' motion to amend the judgment is GRANTED in part and

26

27   _____
     [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28   for May 1, 2013.

                                    1

1 DENIED in part.

2                          I.   BACKGROUND

3      The facts are well known to the parties and therefore the

4 following is only a brief summary.  In 2009, Plaintiffs brought

5 this action for the conversion of a Westinghouse Airbrake Company

6 Articulated Loader model 1200 ("the Loader"), which they claimed

7 to have owned and was located on Defendant J. Wayne Strauch's

8 property before Defendants sold it.  Pretrial Conference Order

9 ("PCO"), Doc. #87, at 2.

10     On April 18, 2008, Defendants sold the subject Loader to

11 Richard Van Tassel.  Id.  Mr. Van Tassel gave Defendant

12 Stephenson a check for $6,000.00 for the Loader made out to the

13 Strauch Administrative Trust.  Id.  The Loader was moved off the

14 property in April 2008.  Id.

15     A HD 41 Dozer ("Dozer") was also located on the property and

16 the Defendants' both knew that their mother had sold the Dozer

17 sometime in the past.  Id.

18     At trial, the jury found that Defendants' converted the

19 Loader by selling it to Mr. Van Tassel and awarded Plaintiffs

20 $6,000 in damages.  Jury Verdict, Doc. #139, at 1-3.

21

22                          II.  OPINION

23     A.   Legal Standard

24          1.   Motion for a New Trial

25     Pursuant to Federal Rule of Civil Procedure 59, a court has

26 discretion to grant a new trial "after a jury trial, for any

27 reason for which a new trial has heretofore been granted in an

28 action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).

                                   2

1  Historically recognized grounds for a new trial include claims

2  "'that the verdict is against the weight of the evidence, that

3  the damages are excessive, or that, for other reasons, the trial

4  was not fair to the party moving.'"  Molski v. M.J. Cable, Inc.,

5  481 F.3d 724, 729 (9th Cir. 2007) (quoting Montgomery Ward & Co.

6  v. Duncan, 311 U.S. 243, 251 (1940)).  Unlike a renewed motion

7  for judgment as a matter of law, the court must "weigh the

8  evidence as it saw it" and may set aside the verdict, even if it

9  is supported by substantial evidence.  Id.  A new trial should be

10 granted "if, having given full respect to the jury's findings,

11 the judge on the entire evidence is left with the definite and

12 firm conviction that a mistake has been committed."  Landes

13 Constr. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1371-72 (9th

14 Cir. 1987) (citations omitted).

15           2.   Motion to Amend

16      Federal Rule of Civil Procedure 59(e) allows a party to move

17 to alter or amend a judgment within 28 days after entry of

18 judgment.  See Fed. R. Civ. P. 59(e).  Reconsideration is

19 appropriate if "(1) the district court is presented with newly

20 discovered evidence, (2) the district court committed clear error

21 or made an initial decision that was manifestly unjust, or (3)

22 there is an intervening change in the controlling law."

23 Securities & Exch. Comm'n v. Platforms Wireless Int'l Corp., 617

24 F.3d 1072, 1100 (9th Cir. 2010).

25      B.   Discussion

26           1.   Motion for New Trial

27      Plaintiffs contend that a partial new trial on damages is

28 warranted because the damages award is in violation of the law,

1   because the damages award is against the weight of the evidence,

2   because admission of evidence on the Dozer was prejudicial, and

3   because of attorney misconduct.  Defendants argue that a partial

4   new trial is not appropriate in this case and that each argument

5   made by Plaintiffs for a new trial lacks merit.  The Court

6   addresses each set of arguments in turn below.

7                      (a)  Partial New Trial

8        Plaintiffs request a partial new trial on damages because

9   the issue of the damages award is completely separable from the

10  issue of conversion.  Defendants disagree, arguing that partial

11  retrial is barred where there is factual entanglement and the

12  verdict includes equitable claims that cannot be detached.

13       Partial trials "may not properly be resorted to unless it

14  clearly appears that the issue to be retried is so distinct and

15  separable from others that a trial of it alone may be had without

16  injustice."  Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128,

17  1133-34 (9th Cir. 1995) (quoting Gasoline Products Co., Inc. v.

18  Champlin Refining Co., 283 U.S. 494, 500 (1931)).  Retrial on

19  damages is permissible when "the issues of damages and liability

20  are not so interwoven as to require a new trial on both."  Lies

21  v. Farrell Lines, Inc., 641 F.2d 765, 774 (9th Cir. 1981)

22  (citations omitted).  For example, in Grimm v. California Spray-

23  Chemical Corp., the Ninth Circuit affirmed the district court's

24  decision to grant a new trial on both liability and damages

25  because the trial judge found that "the causation of the damages

26  was a difficult and close issue for the jury to decide" and

27  therefore the issues of liability and damages were interwoven.

28  264 F.2d 145, 146 (9th Cir. 1959).

1    Here, Defendants argue that their equitable defense and

2  Plaintiffs' claims were interconnected and that the damages

3  amount indicates the verdict was equitable in nature.  Opp. at 3.

4  However, Defendants' equitable defense was limited to whether

5  Plaintiffs should be equitably estopped from receiving money

6  damages, and it had no effect on the damages amount once the jury

7  decided that Plaintiffs should not be equitably estopped.  In the

8  jury verdict, Defendants' equitable defense and the damages

9  amount were two separate, unrelated inquiries.  See Jury Verdict,

10  Doc. #139, at 1-3.  Therefore, the equitable defense was not

11  interwoven with the damages award.  Moreover, unlike in Grimm,

12  there is no evidence that the causation of the damages was

13  particularly difficult for the jury to decide.

14    Accordingly, the Court finds that a partial new trial on

15  damages, if warranted, would not be barred because of factual

16  entanglement.

17              (b)   Damages Award Is Not in Violation of the Law

18    Plaintiffs argue that a new trial is warranted because the

19  damages award is not the highest price as required under

20  California Civil Procedure Code Section 1263.320(a) ("Section

21  1263.320(a)").

22    Section 1263.320(a) provides, "The fair market value of the

23  property taken is the highest price on the date of valuation."

24  Cal. Civ. Proc. Code § 1263.320.  However, the Court finds that

25  the case law interpreting Section 1263.320(a), holds that this

26  section applies to real property taken through eminent domain.

27  See e.g., City of San Diego v. Rancho Penasquitos P'ship, 105

28  Cal.App.4th 1013, 1028-29 (2003) (applying Section 1263.320 to

1   determine the value of property being condemned in an eminent

2   domain proceeding).  For conversion claims, the value of the

3   property is determined pursuant to California Civil Code Section

4   3336 ("Section 3336"), which provides that the value of

5   converted personal property is "[t]he value of the property at

6   the time of the conversion, with the interest from that time . .

7   . ."  Cal. Civ. Code § 3336.  Previously, the section included

8   the language, "the highest market value of the property at any

9   time between the conversion and the verdict."  Wong v. Paine,

10  Webber, Jackson & Curtis, 208 Cal.App.2d 17, 19 (1962).

11  However, that section was removed and replaced with the

12  provision allowing a court to award "an amount sufficient to

13  indemnify the party injured for the loss which is the natural,

14  reasonable and proximate result of the wrongful act complained

15  of and which a proper degree of prudence on his part would not

16  have averted."  Bank of Stockton v. Verizon Commc'ns, Inc., 375

17  F. App'x 746, 747 (9th Cir. 2010) (refusing to award the

18  "highest market value" of stock in a conversion claim) (citation

19  omitted).  Therefore, Plaintiffs' argument that their damages

20  award is in violation of the law, i.e. under Section 1263.320(a)

21  they were entitled to an award of the highest market value, is

22  without merit and is not an appropriate ground for a new trial.

23              (c)  Damages Award Is Not Against the Weight of

24                   the Evidence

25      Plaintiffs claim that the $6,000 damages award is against

26  the weight of the evidence because Mr. Timothy Fadda,

27  Plaintiffs' expert witness, evaluated the Loader at $120,000 to

28  $220,000 if sold as-is and $150,000 to $250,000 if operable.

1    When there is contradictory and conflicting evidence as to

2  value and condition of converted property, a court is not bound

3  to accept an expert's testimony on the property's value but can

4  look to other evidence as well.  See Wade v. Markwell & Co., 118

5  Cal.App.2d 410, 431 (1953)(noting, in an action for conversion

6  of a mink coat, where evidence of its value was conflicting, the

7  trial court was not bound to accept expert's testimony, but

8  "could look to other evidence of value in the light of all the

9  surrounding circumstances").  Evidence, such as "the extent of

10  the use of the property and its condition and depreciation," may

11  be taken into consideration "to determine the subsequent value

12  of the property and establish the loss sustained as the result

13  of an unlawful conversion."  Id.

14    In this case, Mr. Fadda's appraisal was significantly

15  called into question through cross-examination and contradicted

16  by Mr. Churches' testimony.  Mr. Churches, a qualified

17  percipient witness, testified that the Loader was in poor

18  condition and that he was willing to pay only $8,000 for it.

19  See Transcript of Testimony of Richard David Churches ("Churches

20  Test."), Doc. #152, at 9-12.  Plaintiffs argue that Mr.

21  Churches' testimony contained inconsistencies on whether the

22  Loader ran and regarding the date on which he negotiated a price

23  with Mr. Durand and therefore it was false testimony.  However,

24  the inconsistencies in Mr. Churches' testimony do not make his

25  entire testimony on the condition of the Loader false or

26  perjurious so as to warrant a new trial.  See Molski, 481 F.3d

27  at 729 (stating that "[t]he trial court may grant a new trial

28  only if the verdict . . . is based upon false or perjurious

7

1  evidence") (citation omitted).  Moreover, as Defendants note,

2  the jury valued the Loader based on the amount Defendants

3  received for it ($6,000) when it was sold to Mr. Van Tassel and

4  not the amount Mr. Churches was willing to pay for it.  Opp. at

5  4 n.1.  Therefore, in light of the testimony on the condition of

6  the Loader and the evidence of how much the Defendants' received

7  for the Loader, Mr. Fadda's testimony was not binding or

8  persuasive.

9      Accordingly, the Court finds that a partial new trial is

10  not warranted because the verdict is not against the weight of

11  the evidence.

12          (d)  Admission of Evidence on the Dozer was Not

13                      Prejudicial

14      Plaintiffs argue that Mr. Churches' testimony about the

15  Dozer was prejudicial because the Dozer was not the subject of

16  the lawsuit and it was sold under duress, and therefore, a new

17  trial is warranted.  Defendants note that the testimony on the

18  Dozer was relevant because the Dozer and Loader were acquired

19  together and remained together as a matched set at all relevant

20  times.  Opp. at 4 n.1.

21      Federal Rule of Evidence 402 provides that all relevant

22  evidence is admissible, except as otherwise provided by the

23  Constitution, Act of Congress, the Federal Rules of Evidence, or

24  rules promulgated by the Supreme Court.  Fed. R. Evid. 402.

25  Relevant evidence is evidence having the tendency to make the

26  existence of any consequential fact more or less probable than

27  it would be without the evidence.  Fed. R. Evid. 401.

28  Nevertheless, relevant evidence may be excluded where its

1    probative value is substantially outweighed by the danger of

2    unfair prejudice, confusion of the issues, or misleading the

3    jury.  Fed. R. Evid. 403.  If evidence is improperly admitted,

4    the admission must have constituted prejudicial error in order

5    to grant a new trial.  Chalmers v. City of Los Angeles, 762 F.2d

6    753, 761 (9th Cir. 1985).

7         In this case, the testimony on the Dozer was clearly

8    relevant.  Although the Dozer was not the subject of the

9    lawsuit, testimony on the ownership and location of the Dozer

10   helped establish Plaintiffs' ownership of the Loader because the

11   Loader and Dozer were acquired together and remained together

12   until the Loader was converted.  Testimony on the condition of

13   the Dozer was also relevant because both the Dozer and Loader

14   were subject to the same weather and treatment.  Moreover,

15   testimony on the amount Mr. Churches paid for the Dozer was

16   relevant because it placed the $8,000 he was willing to pay for

17   the Loader in context.  Churches Test. at 7.  Finally, there is

18   no evidence that the value of the Dozer affected the damage

19   award because, as mentioned above, the award was based on the

20   amount Defendants received for it when it was sold to Mr. Van

21   Tassel.  Therefore, the Court finds that Mr. Churches' testimony

22   was properly admitted because its probative value substantially

23   outweighed any danger of unfair prejudice.

24        Accordingly, the arguments concerning the admissibility of

25   evidence do not provide grounds for a new trial.

26                    (e)  Attorney Misconduct

27        Plaintiffs argue that Defendants' counsel throughout the

28   trial worked to discredit Plaintiffs by referencing the Rule 11

                                   9

1   sanction, which was later vacated and reversed by this Court.

2       A new trial due to attorney misconduct is warranted if "the

3   flavor of misconduct sufficiently permeate[s] an entire

4   proceeding to provide conviction that the jury was influenced by

5   passion and prejudice in reaching its verdict." Hemmings v.

6   Tidyman's Inc., 285 F.3d 1174, 1192 (9th Cir. 2002) (quoting Kehr

7   v. Smith Barney, 736 F.2d 1283, 1286 (9th Cir. 1994)).

8       Here, Defendants' Counsel's references to the Rule 11

9   sanction occurred primarily at the beginning of the trial and

10  ultimately seized after the Court admonished Defendants' Counsel,

11  and therefore, the Court did not find it necessary to instruct

12  the jury to disregard the information.  In addition, there is no

13  evidence that the jury's damages award was influenced by

14  Defendants' Counsel's references to the Rule 11 sanction.

15      Accordingly, the Court finds that a partial new trial is not

16  warranted based on attorney misconduct.

17           2.   Motion to Amend

18      Plaintiffs claim that they are entitled to prejudgment

19  interest at an interest rate of 10%.  Mot. at 10.  Defendants

20  agree that Plaintiffs are entitled to prejudgment interest but at

21  an interest rate of 7%.  Opp. at 4-5.

22      Section 3336 provides that in a conversion action, a

23  plaintiff is entitled to prejudgment interest at the legal rate

24  from the time of conversion to the date judgment is entered.

25  Cal. Civ. Code § 3336.  The legal rate of prejudgment interest in

26  California, absent a statute to the contrary, is 7%, while post-

27  judgment interest is 10%.  Compare Cal. Const. art. XV, § 1 with

28  Cal. Civ. Proc. Code § 685.010.

1    In this case, Plaintiffs seek prejudgment interest pursuant

2 to Section 3336 for conversion claims.  Because there is no

3 statute to the contrary, the prejudgment interest rate is 7%.

4 See Stan Lee Trading, Inc. v. Holtz, 649 F. Supp. 577, 582-83

5 (C.D. Cal. 1986)(awarding prejudgment interest rate at 7% under

6 California law in a conversion action).  Therefore, the Court

7 finds that Plaintiffs are entitled to prejudgment interest at an

8 interest rate of 7% from the date of conversion, April 18, 2008,

9 until the date judgment was entered, February 6, 2013.

10    Accordingly, Plaintiffs' motion to amend the judgment is

11 granted in part and denied in part.

12

13              III. ORDER

14    For the reasons set forth above, Plaintiffs' motion for a

15 new trial is DENIED, and Plaintiffs' motion to amend the judgment

16 is GRANTED in part and DENIED in part.  Plaintiffs are entitled

17 to prejudgment interest at an interest rate of 7% from the date

18 of conversion, April 18, 2008, until the date judgment was

19 entered, February 6, 2013.

20

21    IT IS SO ORDERED.

22 Dated: May 17, 2013

23                        JOHN A. MENDEZ,
                         UNITED STATES DISTRICT JUDGE

24

25

26

27

28

11