UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIND DURAND, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CANDICE STEPHENSON, et al.,<br><br>　　　　Defendants. | No.　09-cv-02038 JAM-CKD<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR A NEW TRIAL AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE JUDGMENT IN PART AND DENYING IN PART.** |

　　This matter is before the Court on Plaintiffs Edwin Durand and Madelaine Durand's (collectively "Plaintiffs") Motion to Amend the Judgment (Doc. #148) and Motion for New Trial (Doc. #149). Defendants Candice L. Stephenson and J. Wayne Strauch (collectively "Defendants") oppose the motion for a new trial and partially oppose the motion to amend the judgment (Doc. #151). Plaintiffs replied (Doc. #154).[1] For the following reasons, Plaintiffs' motion for a new trial is DENIED and Plaintiffs' motion to amend the judgment is GRANTED in part and

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 1, 2013.

1

DENIED in part.

## I. BACKGROUND

The facts are well known to the parties and therefore the following is only a brief summary. In 2009, Plaintiffs brought this action for the conversion of a Westinghouse Airbrake Company Articulated Loader model 1200 ("the Loader"), which they claimed to have owned and was located on Defendant J. Wayne Strauch's property before Defendants sold it. Pretrial Conference Order ("PCO"), Doc. #87, at 2.

On April 18, 2008, Defendants sold the subject Loader to Richard Van Tassel. Id. Mr. Van Tassel gave Defendant Stephenson a check for $6,000.00 for the Loader made out to the Strauch Administrative Trust. Id. The Loader was moved off the property in April 2008. Id.

A HD 41 Dozer ("Dozer") was also located on the property and the Defendants' both knew that their mother had sold the Dozer sometime in the past. Id.

At trial, the jury found that Defendants' converted the Loader by selling it to Mr. Van Tassel and awarded Plaintiffs $6,000 in damages. Jury Verdict, Doc. #139, at 1-3.

## II. OPINION

A. Legal Standard

1. Motion for a New Trial

Pursuant to Federal Rule of Civil Procedure 59, a court has discretion to grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A).

2

Historically recognized grounds for a new trial include claims "'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (quoting Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)). Unlike a renewed motion for judgment as a matter of law, the court must "weigh the evidence as it saw it" and may set aside the verdict, even if it is supported by substantial evidence. Id. A new trial should be granted "if, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Landes Constr. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1371-72 (9th Cir. 1987) (citations omitted).

      2.    Motion to Amend

Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend a judgment within 28 days after entry of judgment. See Fed. R. Civ. P. 59(e). Reconsideration is appropriate if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in the controlling law." Securities & Exch. Comm'n v. Platforms Wireless Int'l Corp., 617 F.3d 1072, 1100 (9th Cir. 2010).

    B.    Discussion

      1.    Motion for New Trial

Plaintiffs contend that a partial new trial on damages is warranted because the damages award is in violation of the law,

1  because the damages award is against the weight of the evidence,
2  because admission of evidence on the Dozer was prejudicial, and
3  because of attorney misconduct.  Defendants argue that a partial
4  new trial is not appropriate in this case and that each argument
5  made by Plaintiffs for a new trial lacks merit.  The Court
6  addresses each set of arguments in turn below.

##                    (a)   Partial New Trial

8     Plaintiffs request a partial new trial on damages because
9  the issue of the damages award is completely separable from the
10 issue of conversion.  Defendants disagree, arguing that partial
11 retrial is barred where there is factual entanglement and the
12 verdict includes equitable claims that cannot be detached.
13    Partial trials "may not properly be resorted to unless it
14 clearly appears that the issue to be retried is so distinct and
15 separable from others that a trial of it alone may be had without
16 injustice."  Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128,
17 1133-34 (9th Cir. 1995) (quoting Gasoline Products Co., Inc. v.
18 Champlin Refining Co., 283 U.S. 494, 500 (1931)).  Retrial on
19 damages is permissible when "the issues of damages and liability
20 are not so interwoven as to require a new trial on both."  Lies
21 v. Farrell Lines, Inc., 641 F.2d 765, 774 (9th Cir. 1981)
22 (citations omitted).  For example, in Grimm v. California Spray-
23 Chemical Corp., the Ninth Circuit affirmed the district court's
24 decision to grant a new trial on both liability and damages
25 because the trial judge found that "the causation of the damages
26 was a difficult and close issue for the jury to decide" and
27 therefore the issues of liability and damages were interwoven.
28 264 F.2d 145, 146 (9th Cir. 1959).

Here, Defendants argue that their equitable defense and Plaintiffs' claims were interconnected and that the damages amount indicates the verdict was equitable in nature. Opp. at 3. However, Defendants' equitable defense was limited to whether Plaintiffs should be equitably estopped from receiving money damages, and it had no effect on the damages amount once the jury decided that Plaintiffs should not be equitably estopped. In the jury verdict, Defendants' equitable defense and the damages amount were two separate, unrelated inquiries. See Jury Verdict, Doc. #139, at 1-3. Therefore, the equitable defense was not interwoven with the damages award. Moreover, unlike in Grimm, there is no evidence that the causation of the damages was particularly difficult for the jury to decide.

Accordingly, the Court finds that a partial new trial on damages, if warranted, would not be barred because of factual entanglement.

(b) Damages Award Is Not in Violation of the Law

Plaintiffs argue that a new trial is warranted because the damages award is not the highest price as required under California Civil Procedure Code Section 1263.320(a) ("Section 1263.320(a)").

Section 1263.320(a) provides, "The fair market value of the property taken is the highest price on the date of valuation." Cal. Civ. Proc. Code § 1263.320. However, the Court finds that the case law interpreting Section 1263.320(a), holds that this section applies to real property taken through eminent domain. See e.g., City of San Diego v. Rancho Penasquitos P'ship, 105 Cal.App.4th 1013, 1028-29 (2003) (applying Section 1263.320 to

1 determine the value of property being condemned in an eminent
2 domain proceeding).  For conversion claims, the value of the
3 property is determined pursuant to California Civil Code Section
4 3336 ("Section 3336"), which provides that the value of
5 converted personal property is "[t]he value of the property at
6 the time of the conversion, with the interest from that time . .
7 . ."  Cal. Civ. Code § 3336.  Previously, the section included
8 the language, "the highest market value of the property at any
9 time between the conversion and the verdict."  <u>Wong v. Paine,
10 Webber, Jackson & Curtis</u>, 208 Cal.App.2d 17, 19 (1962).
11 However, that section was removed and replaced with the
12 provision allowing a court to award "an amount sufficient to
13 indemnify the party injured for the loss which is the natural,
14 reasonable and proximate result of the wrongful act complained
15 of and which a proper degree of prudence on his part would not
16 have averted."  <u>Bank of Stockton v. Verizon Commc'ns, Inc.</u>, 375
17 F. App'x 746, 747 (9th Cir. 2010) (refusing to award the
18 "highest market value" of stock in a conversion claim) (citation
19 omitted).  Therefore, Plaintiffs' argument that their damages
20 award is in violation of the law, i.e. under Section 1263.320(a)
21 they were entitled to an award of the highest market value, is
22 without merit and is not an appropriate ground for a new trial.

        (c)   <u>Damages Award Is Not Against the Weight of the Evidence</u>

25 Plaintiffs claim that the $6,000 damages award is against
26 the weight of the evidence because Mr. Timothy Fadda,
27 Plaintiffs' expert witness, evaluated the Loader at $120,000 to
28 $220,000 if sold as-is and $150,000 to $250,000 if operable.

When there is contradictory and conflicting evidence as to value and condition of converted property, a court is not bound to accept an expert's testimony on the property's value but can look to other evidence as well. See Wade v. Markwell & Co., 118 Cal.App.2d 410, 431 (1953)(noting, in an action for conversion of a mink coat, where evidence of its value was conflicting, the trial court was not bound to accept expert's testimony, but "could look to other evidence of value in the light of all the surrounding circumstances"). Evidence, such as "the extent of the use of the property and its condition and depreciation," may be taken into consideration "to determine the subsequent value of the property and establish the loss sustained as the result of an unlawful conversion." Id.

In this case, Mr. Fadda's appraisal was significantly called into question through cross-examination and contradicted by Mr. Churches' testimony. Mr. Churches, a qualified percipient witness, testified that the Loader was in poor condition and that he was willing to pay only $8,000 for it. See Transcript of Testimony of Richard David Churches ("Churches Test."), Doc. #152, at 9-12. Plaintiffs argue that Mr. Churches' testimony contained inconsistencies on whether the Loader ran and regarding the date on which he negotiated a price with Mr. Durand and therefore it was false testimony. However, the inconsistencies in Mr. Churches' testimony do not make his entire testimony on the condition of the Loader false or perjurious so as to warrant a new trial. See Molski, 481 F.3d at 729 (stating that "[t]he trial court may grant a new trial only if the verdict . . . is based upon false or perjurious

evidence") (citation omitted). Moreover, as Defendants note, the jury valued the Loader based on the amount Defendants received for it ($6,000) when it was sold to Mr. Van Tassel and not the amount Mr. Churches was willing to pay for it. Opp. at 4 n.1. Therefore, in light of the testimony on the condition of the Loader and the evidence of how much the Defendants' received for the Loader, Mr. Fadda's testimony was not binding or persuasive.

Accordingly, the Court finds that a partial new trial is not warranted because the verdict is not against the weight of the evidence.

### (d) Admission of Evidence on the Dozer was Not Prejudicial

Plaintiffs argue that Mr. Churches' testimony about the Dozer was prejudicial because the Dozer was not the subject of the lawsuit and it was sold under duress, and therefore, a new trial is warranted. Defendants note that the testimony on the Dozer was relevant because the Dozer and Loader were acquired together and remained together as a matched set at all relevant times. Opp. at 4 n.1.

Federal Rule of Evidence 402 provides that all relevant evidence is admissible, except as otherwise provided by the Constitution, Act of Congress, the Federal Rules of Evidence, or rules promulgated by the Supreme Court. Fed. R. Evid. 402. Relevant evidence is evidence having the tendency to make the existence of any consequential fact more or less probable than it would be without the evidence. Fed. R. Evid. 401. Nevertheless, relevant evidence may be excluded where its

1  probative value is substantially outweighed by the danger of
2  unfair prejudice, confusion of the issues, or misleading the
3  jury.  Fed. R. Evid. 403.  If evidence is improperly admitted,
4  the admission must have constituted prejudicial error in order
5  to grant a new trial.  Chalmers v. City of Los Angeles, 762 F.2d
6  753, 761 (9th Cir. 1985).
7       In this case, the testimony on the Dozer was clearly
8  relevant.  Although the Dozer was not the subject of the
9  lawsuit, testimony on the ownership and location of the Dozer
10 helped establish Plaintiffs' ownership of the Loader because the
11 Loader and Dozer were acquired together and remained together
12 until the Loader was converted.  Testimony on the condition of
13 the Dozer was also relevant because both the Dozer and Loader
14 were subject to the same weather and treatment.  Moreover,
15 testimony on the amount Mr. Churches paid for the Dozer was
16 relevant because it placed the $8,000 he was willing to pay for
17 the Loader in context.  Churches Test. at 7.  Finally, there is
18 no evidence that the value of the Dozer affected the damage
19 award because, as mentioned above, the award was based on the
20 amount Defendants received for it when it was sold to Mr. Van
21 Tassel.  Therefore, the Court finds that Mr. Churches' testimony
22 was properly admitted because its probative value substantially
23 outweighed any danger of unfair prejudice.
24      Accordingly, the arguments concerning the admissibility of
25 evidence do not provide grounds for a new trial.
26              (e)   Attorney Misconduct
27      Plaintiffs argue that Defendants' counsel throughout the
28 trial worked to discredit Plaintiffs by referencing the Rule 11

9

1  sanction, which was later vacated and reversed by this Court.

2  A new trial due to attorney misconduct is warranted if "the flavor of misconduct sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1192 (9th Cir. 2002) (quoting Kehr v. Smith Barney, 736 F.2d 1283, 1286 (9th Cir. 1994)).

8  Here, Defendants' Counsel's references to the Rule 11 sanction occurred primarily at the beginning of the trial and ultimately seized after the Court admonished Defendants' Counsel, and therefore, the Court did not find it necessary to instruct the jury to disregard the information. In addition, there is no evidence that the jury's damages award was influenced by Defendants' Counsel's references to the Rule 11 sanction.

15  Accordingly, the Court finds that a partial new trial is not warranted based on attorney misconduct.

### 2. Motion to Amend

Plaintiffs claim that they are entitled to prejudgment interest at an interest rate of 10%. Mot. at 10. Defendants agree that Plaintiffs are entitled to prejudgment interest but at an interest rate of 7%. Opp. at 4-5.

Section 3336 provides that in a conversion action, a plaintiff is entitled to prejudgment interest at the legal rate from the time of conversion to the date judgment is entered. Cal. Civ. Code § 3336. The legal rate of prejudgment interest in California, absent a statute to the contrary, is 7%, while post-judgment interest is 10%. Compare Cal. Const. art. XV, § 1 with Cal. Civ. Proc. Code § 685.010.

In this case, Plaintiffs seek prejudgment interest pursuant to Section 3336 for conversion claims. Because there is no statute to the contrary, the prejudgment interest rate is 7%. See Stan Lee Trading, Inc. v. Holtz, 649 F. Supp. 577, 582-83 (C.D. Cal. 1986)(awarding prejudgment interest rate at 7% under California law in a conversion action). Therefore, the Court finds that Plaintiffs are entitled to prejudgment interest at an interest rate of 7% from the date of conversion, April 18, 2008, until the date judgment was entered, February 6, 2013.

Accordingly, Plaintiffs' motion to amend the judgment is granted in part and denied in part.

### III. ORDER

For the reasons set forth above, Plaintiffs' motion for a new trial is DENIED, and Plaintiffs' motion to amend the judgment is GRANTED in part and DENIED in part. Plaintiffs are entitled to prejudgment interest at an interest rate of 7% from the date of conversion, April 18, 2008, until the date judgment was entered, February 6, 2013.

IT IS SO ORDERED.

Dated: May 17, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE