1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    EDWIND DURAND, et al.,              No.  09-cv-02038 JAM-CKD

12              Plaintiffs,          **ORDER DENYING PLAINTIFFS' MOTION**
                                     **FOR RECONSIDERATION AND DENYING**
13         v.                        **PLAINTIFFS' MOTION TO SHORTEN**
                                     **TIME**
14    CANDICE STEPHENSON, et al.,

15              Defendants.

16

17         This matter is before the Court on Plaintiffs Edwin Durand

18    and Madelaine Durand's (collectively "Plaintiffs") Motion for

19    Reconsideration (Doc. #148) of the Court's Denial of New Trial

20    Order (Doc. #157) and Plaintiffs' Motion to Shorten Time (Doc.

21    #159).  Defendants Candice L. Stephenson and J. Wayne Strauch

22    (collectively "Defendants") oppose the motion for

23    reconsideration (Doc. #160).  Plaintiffs replied (Doc. #161).[1]

24    For the following reasons, Plaintiffs' motion for

25    reconsideration is DENIED and Plaintiffs' motion to shorten time

26    is DENIED.

27    _____

28    [1] This motion was determined to be suitable for decision without
      oral argument.  E.D. Cal. L.R. 230(g).  No hearing was scheduled.

                                      1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.  BACKGROUND

The facts are well known to the parties and therefore the following is only a brief summary.  The jury found that Defendants' converted Plaintiffs' Westinghouse Airbrake Company Articulated Loader model 1200 ("the Loader") and awarded Plaintiffs $6,000 in damages.  Jury Verdict, Doc. #139, at 1-3. On March 6, 2013, Plaintiffs moved for a partial new trial on damages (Doc. ##148, 149), which the Court denied on May 20, 2013 ("Order") (Doc. #157).

II.  OPINION

A.  Legal Standard

Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

In addition, Local Rule 230(j) ("Rule 230(j)") governs motions for reconsideration.  Rule 230(j) requires an affidavit or brief setting forth, in part, "new or different facts or circumstances . . . claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."  L.R. 230(j)(3)-(4).  To

1   succeed, a party must set forth facts or law of a strongly

2   convincing nature to induce the Court to reverse its prior

3   decision.  See, e.g., Kern-Tulare Water Dist. v. City of

4   Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in

5   part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir.

6   1987).

7        B.   Discussion

8        Plaintiffs argue that the damages award violates California

9   Civil Procedure Code Section 1263.320(a), that the jury

10  improperly awarded unjust enrichment, and that the admission of

11  David Churches' testimony was prejudicial.  These arguments

12  merely recapitulate the arguments presented in Plaintiffs' motion

13  for a new trial.  Therefore, Plaintiffs have failed to meet the

14  requirements of Rule 60(b) and Rule 230(j).  Moreover, as

15  Defendants argue, the jury was properly instructed on conversion

16  damages, the jury was instructed on fair market value not unjust

17  enrichment or indemnification, and there is no evidence that the

18  jury based its damages award on an improper ground.  Therefore,

19  it is presumed that the jury determined that the fair market

20  value of the Loader was $6,000 and Plaintiffs have not overcome

21  the presumption supporting the verdict.  See DSPT Int'l, Inc. v.

22  Nahum, 624 F.3d 1213, 1224 (9th Cir. 2010) (A jury's damages

23  verdict must be upheld whenever possible, "and all presumptions

24  are in favor of the judgment.")

25       Accordingly, the Court denies Plaintiffs' motion for

26  reconsideration.

27       C.   Motion to Shorten Time

28       Plaintiffs also move under Federal Rule of Civil Procedure 6

3

and Local Rule 144(e) to shorten the time for the motion for

reconsideration's hearing (Doc. #159).  However, no hearing was

scheduled for the motion for reconsideration and the Court

determined it to be suitable for decision without oral argument

pursuant to Local Rule 230(g).  Accordingly, the Court denies

Plaintiffs' motion to shorten time as moot.

### III. ORDER

For the reasons set forth above, Plaintiffs' motion for

reconsideration is DENIED and Plaintiffs' motion to shorten time

is DENIED.

IT IS SO ORDERED.

Dated: June 17, 2013

_____

JOHN A. MENDEZ,

UNITED STATES DISTRICT JUDGE

4