UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWIND DURAND, et al.,

        Plaintiffs,

   v.

CANDICE STEPHENSON, et al.,

        Defendants.

No. 09-cv-02038 JAM-CKD

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND DENYING PLAINTIFFS' MOTION TO SHORTEN TIME**

    This matter is before the Court on Plaintiffs Edwin Durand and Madelaine Durand's (collectively "Plaintiffs") Motion for Reconsideration (Doc. #148) of the Court's Denial of New Trial Order (Doc. #157) and Plaintiffs' Motion to Shorten Time (Doc. #159). Defendants Candice L. Stephenson and J. Wayne Strauch (collectively "Defendants") oppose the motion for reconsideration (Doc. #160). Plaintiffs replied (Doc. #161).[1] For the following reasons, Plaintiffs' motion for reconsideration is DENIED and Plaintiffs' motion to shorten time is DENIED.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). No hearing was scheduled.

1

I.   BACKGROUND

The facts are well known to the parties and therefore the following is only a brief summary.  The jury found that Defendants' converted Plaintiffs' Westinghouse Airbrake Company Articulated Loader model 1200 ("the Loader") and awarded Plaintiffs $6,000 in damages.  Jury Verdict, Doc. #139, at 1-3. On March 6, 2013, Plaintiffs moved for a partial new trial on damages (Doc. ##148, 149), which the Court denied on May 20, 2013 ("Order") (Doc. #157).

II.   OPINION

A.   Legal Standard

Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

In addition, Local Rule 230(j) ("Rule 230(j)") governs motions for reconsideration.  Rule 230(j) requires an affidavit or brief setting forth, in part, "new or different facts or circumstances . . . claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."  L.R. 230(j)(3)-(4).  To

succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

B. Discussion

Plaintiffs argue that the damages award violates California Civil Procedure Code Section 1263.320(a), that the jury improperly awarded unjust enrichment, and that the admission of David Churches' testimony was prejudicial. These arguments merely recapitulate the arguments presented in Plaintiffs' motion for a new trial. Therefore, Plaintiffs have failed to meet the requirements of Rule 60(b) and Rule 230(j). Moreover, as Defendants argue, the jury was properly instructed on conversion damages, the jury was instructed on fair market value not unjust enrichment or indemnification, and there is no evidence that the jury based its damages award on an improper ground. Therefore, it is presumed that the jury determined that the fair market value of the Loader was $6,000 and Plaintiffs have not overcome the presumption supporting the verdict. See DSPT Int'l, Inc. v. Nahum, 624 F.3d 1213, 1224 (9th Cir. 2010) (A jury's damages verdict must be upheld whenever possible, "and all presumptions are in favor of the judgment.")

Accordingly, the Court denies Plaintiffs' motion for reconsideration.

C. Motion to Shorten Time

Plaintiffs also move under Federal Rule of Civil Procedure 6

and Local Rule 144(e) to shorten the time for the motion for reconsideration's hearing (Doc. #159). However, no hearing was scheduled for the motion for reconsideration and the Court determined it to be suitable for decision without oral argument pursuant to Local Rule 230(g). Accordingly, the Court denies Plaintiffs' motion to shorten time as moot.

## III. ORDER

For the reasons set forth above, Plaintiffs' motion for reconsideration is DENIED and Plaintiffs' motion to shorten time is DENIED.

IT IS SO ORDERED.

Dated: June 17, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4